NEW-YORK PRACTICE REPORTS. **25**

The People ex rel. Shipman, agt. Overseers of the Poor of town of Barton.

———

## SUPREME COURT.

The People ex rel. Shipman agt. The Overseers of the Poor of the town of Barton.

A common law writ of certiorari issued to bring up the judgment and proceedings in a case of bastardy, can not bring up for review the evidence given upon the trial, or the admission or rejection of evidence.

The scope and object of this writ, when issued to obtain the supervisory power of this court over inferior tribunals, removes nothing but the record or other entry in the nature of the record of the proceedings of the court below.

*Sixth District General Term, July* 1851. Mason, Shankland and Monson, *Justices.*

Geo. S. Camp, *for Plaintiff.*

Davis & Warner, *for Defendants.*

By the Court, Mason, Justice.—This case comes before the court upon a common law certiorari, brought to review the judgment and proceedings of the Court of Sessions of Tioga county in a case of bastardy, and I am inclined to think that the most if not all of the questions raised upon this return are not within the province of this writ to review. The first question, therefore, which I propose to consider in the case is as to the nature and office of this writ, and it can not be denied by any one who will take the trouble to look into the cases upon this subject in this court, that very loose language has sometimes been employed by judges in regard to this subject. I think, however, we shall have no diffi-

culty in deducing a safe rule from the cases. It was said by SAVAGE, chief justice, in the case of Starr vs. The Trustees of Rochester, that the common law powers of this court upon this writ are confined to an examination of the jurisdiction of such inferior tribunals and to questions of law arising out of their proceedings; not to an examination of their decisions upon questions of fact (6 *W. R.* 566). It was said by NELSON, justice, in the case of Tallman vs Bigelow (10 *W. R.* 421), in speaking of the office of this writ, that the power of this court to revise and correct the errors of inferior tribunals, so far as the jurisdiction of such tribunals is concerned, and the determination of questions of law arising before them and apparent upon the record and history of the proceedings, has been too often adjudged to admit of question. He says again in the case of Rathbun vs. Sawyer (15 *W. R.* 452), the facts or evidence before the court are not to be returned any farther than what is necessary to enable the court to determine upon a point of jurisdiction or other questions of law arising in the course of its proceedings. In the case of Nichols vs. Williams (8 *Cow. R.* 13, 16), Ch. Justice SAVAGE said a certiorari, except to a justice's court, brings up the record only, not the testimony. And again, in the case of The People vs. Vermilia (7 *Cow. R.* 108, 136, 137), Ch. Justice SAVAGE said, upon a common law certiorari we can not notice that part of the return which relates to the evidence. The testimony is no part of the record in the court below. He adds, it is not, therefore, removable either by writ of error or certiorari; and in the case of Birdsall vs. Philips (17 *W. R.* 464), in which the office and scope of this writ is examined with great industry and ability by Justice COWEN. He holds that no other questions can be raised upon this writ except those relating to the jurisdiction of the officer or court before whom the proceedings are had, or the regularity of its proceedings, and these questions must arise from the record of its proceedings, and he holds that the decisions and charge of the judge occurring upon the trial can not be reviewed by this writ, and he lays down the general rule that wherever, were the suit at common law, the matter alleged for error is of such a nature that

a bill of exceptions would be essential to its review by a writ of error, a certiorari will not reach it. This, I have no doubt, is the true rule and may be regarded as the settled boundary of the writ in this court, and its office is now confined within these limits as will be seen by the later cases (Simpson vs. Rhinelander, 20 *W. R.* 103). In this case Judge COWEN says those parts of the proceedings which properly enter into the frame of the record in the court below alone are the proper subjects of return to this writ and which alone this court can legally notice; and the court again say that the doctrine of the case of Philips vs. Birdsall has been reconsidered and will be steadfastly adhered to. This doctrine has since been adhered to in all subsequent cases in this court.

In the case of The People vs. The Mayor, &c. of New York (2 *Hill,* 9, 11), Judge BRONSON said " the writ of certiorari, when issued for the purpose of enabling this court to exercise its supervisory power over inferior tribunals, removes nothing but the record or other entry in the nature of the record of the proceedings in the court below, and if the return contains any thing more it can not be regarded. This rule is in perfect accordance with the writ of error at common law, for a writ of error at common law could not reach any objection arising *de hors* the record (15 *W. R.* 583). Applying this rule as to the scope and office of this writ, I do not see how the point raised upon this return can avail the plaintiff. The fact whether the mother of this child was in indigent circumstances or not, can only be determined by an examination of the evidence given upon the trial, and when determined can not be reviewed upon this writ; and it is very clear, I think, that this court can not review the admission or rejection of evidence upon the trial upon this writ.

This seems to follow from the rule which we have drawn from the cases, and was expressly adjudged in the case of The People vs. the First Judge of Columbia (2 *Hill,* 398). The Court of Sessions assumed to modify the order of filiation in regard to the costs on the application of the defendant, and this is now assigned by him as error. It may be quite questionable whether

the statute contemplates such an interference with the order on appeal, and I am quite clear that the sessions should not have quashed the order for that reason. It does not lie with the defendant, however, to complain of this error if it be an error. He is not prejudiced by it. *And, besides, the statute required the Court of Sessions if they quashed the order of filiation and maintenance for any other reason than upon the merits and facts, to proceed and make an original order of filiation in the same manner as any two justices of the peace may by law make, or else bind over the person charged to appear at the next general sessions* (1 *R. S.* 650, § 39). I am of opinion that the order of the sessions should be affirmed, but this is a common law certiorari, and we can not award costs (Baldwin vs. Wheaton, 262).